Dr. G.V.V. RAO, Appellant,

v.

James A. BAKER, Secretary of State, Appellee.

No. 88–5205.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 30, 1990.

Decided March 13, 1990.

Dr. G.V.V. Rao, pro se.

R. Craig Lawrence, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John D. Bates, Asst. U.S. Atty., were on the brief for appellee.

Patricia A. Dunn and Willis J. Goldsmith were on the brief for amicus curiae urging that the District Court decision be affirmed.

Before WALD, Chief Judge, and RUTH BADER GINSBURG and WILLIAMS, Circuit Judges.

Opinion for the Court filed by Chief Judge WALD.

WALD, Chief Judge:

Appellant, Dr. G.V.V. Rao, initiated an administrative complaint of discrimination with the Agency for International Development ("AID" or "agency"). Upon review, AID found no discrimination, and mailed notice of its decision against Rao to Rao's last known mailing address in Virginia and to his attorney of record. Rao himself was out of the country at the time the notice was mailed. Both Rao's attorney and a friend who was collecting Rao's mail received the notice. Rao's attorney subsequently filed a notice of appeal with the Equal Employment Opportunity Commission ("EEOC" or "Commission").

The issue before us is the timeliness of that appeal. EEOC regulations require a

complainant to file a notice of appeal to the Commission within 20 days of "receipt of notice" of the final agency decision. We affirm the district court's decision that Rao's notice of appeal to the EEOC was untimely since it was filed more than 20 days after he had constructively received notice of AID's final decision.

## I. BACKGROUND

The material facts in this case are simple and undisputed. In the fall of 1983, Dr. G.V.V. Rao was notified by AID that he had not been selected for a general engineer position. He initiated an administrative complaint process with AID by first contacting an Equal Employment Opportunity ("EEO") counselor, and, by subsequently filing a written complaint on June 15, 1984. In that complaint, he alleged that AID's failure to hire him was due to discrimination based on race, color, national origin, and religion. At that time, Rao's attorney entered an appearance on his behalf, advising the agency to address all correspondence regarding the matter directly to her.

On March 18, 1986, AID issued a Notice of Proposed Agency Disposition in Rao's case, proposing a finding against Rao, and alerting Rao that he could request a hearing before the agency issued its final decision. That notice was receipted for by Rao's wife, and a copy was sent to his attorney. Rao himself was apparently never made aware of this Notice, and no request for a hearing was made. In June 1986, AID issued a Notice of Final Agency Decision, and mailed it by registered mail to Rao at his last known address, and to Rao's attorney. Rao himself claims to have been unaware of this notice as well. Several months earlier, he had taken a position in the Philippines, and his wife had recently left this country to join him there. Since the Raos had not yet established a permanent address in the Philippines, they had arranged to have a friend pick up their

mail, and to forward important mail to them. They did not notify either AID or their attorney of their move, or of their whereabouts during this transition period, although Rao claims to have attempted to contact his attorney by telephone without success.

The notice of AID's final decision was received by Rao's attorney on June 13, 1986, and was signed for by his friend on June 17, 1986, at the Virginia address Rao had given to the agency. The notice advised Rao of his right to appeal its decision, noting specifically that he had 20 days within which to file a notice of appeal to the EEOC, or 30 days within which to file a civil action in district court.

On July 10, 1986, Rao's attorney did file a notice of appeal with the EEOC on Rao's behalf—27 days after the attorney acknowledged receiving notice and 23 days after Rao's friend had signed for the notice. The EEOC dismissed the appeal as untimely because it had been filed more than 20 days after receipt of the notice, and because Rao had failed to submit adequate justification for extending the filing period beyond 20 days, pursuant to EEOC regulations. Rao then filed a civil action in district court.[1]

The district court granted the government's motion for summary judgment, concluding that Rao had constructively received notice of AID's decision when his friend and his attorney received it. *Rao v. United States Agency for International Development*, Civ. Action No. 87–00021 (D.D.C.1988). The court reasoned that Rao's failure to receive notice himself was due to his failure to maintain contact with his attorney or to notify AID of his change of address. The court also found that Rao's reliance on *Bell v. Brown*, 557 F.2d 849 (D.C.Cir.1977), was misplaced. In *Bell*, this court held that the 30–day period for filing a civil action upon receipt of the notice of final agency action was not triggered by receipt of the notice by the claim-

---

1. The district court assumed for purposes of the motion for summary judgment that Rao received the EEOC's Notice of Dismissal on December 9, 1986, and consequently timely filed

the action in the district court within 30 days of receipt as required by 42 U.S.C. § 2000e–16(c). We proceed on the same assumption.

ant's attorney. The district court believed that Rao's case was distinguishable from *Bell.* Accordingly, the court concluded that Rao's notice of appeal to the EEOC filed July 10, 1986, was untimely. The court also found that, under the circumstances presented, the EEOC had not abused its discretion in declining to extend the filing period on equitable tolling grounds. We agree with the district court on both issues.

## II. THE TIME LIMIT FOR FILING EEOC APPEALS

Under Title VII and its implementing regulations, a federal sector complainant can seek review of a final agency decision in three ways.[2] The complainant may go directly to federal court by filing a complaint "[w]ithin 30 days of receipt of notice of final action taken by a[n] agency...." *See* 42 U.S.C. § 2000e–16(c). Or, a complainant can choose to file an appeal of the agency's final decision with the EEOC, and then subsequently file a civil action within 30 days of final action taken by the Commission. Finally, a complainant may go directly to district court if after 180 days either the agency or the EEOC has not taken final action on the complaint. *See* 29 C.F.R. § 1613.281.

Pertinent to this case, EEOC regulations require complainants to file an appeal of a final agency decision to the EEOC "at any time up to 20 *calendar days* after receipt of the agency's notice of final decision on his or her complaint." 29 C.F.R. § 1613.233(a) (emphasis supplied).[3] That

regulation does not state whether the notice must be personally received by the plaintiff, or whether receipt by a designated representative triggers the 20–day limitations period. The regulation does, however, allow for equitable tolling of the time limitation under limited circumstances, where, for example, the claimant fails to receive notice due to "circumstances beyond his or her control." 29 C.F.R. § 1613.233(c).[4]

## III. ANALYSIS

This case turns on whether, for purposes of an appeal to the EEOC, actual notice of an agency's final decision to a claimant in Rao's position is compelled by the statutory and regulatory scheme and purpose, or whether Rao can be charged with constructive notice of AID's decision. We believe that Rao must be charged with constructive notice. We turn first to the issue of receipt of the notice by Rao's attorney and at Rao's last known address. We will then address his claim that the 20–day period should have been equitably tolled.

### A. *Receipt of Notice by Rao*

■ Rao argues that he should not be charged with constructive notice from the date his attorney received notice because of the principles espoused by this court in *Bell v. Brown,* 557 F.2d 849 (D.C.Cir.1977). In *Bell,* a divided panel of this court held that notice received by Bell's attorney did *not* trigger the 30–day time period prescribed by statute within which he had to file a civil suit. *See* 42 U.S.C.

---

**2.** The EEOC regulations currently in effect appear at 29 C.F.R. §§ 1613.201–.283 (1988). They recodify with some changes the regulations originally issued by the Civil Service Commission, codified at 5 C.F.R. §§ 713.201–.283 (1978). These changes took place in 1979 after Congress transferred Title VII enforcement and related functions from the Civil Service Commission to the EEOC. *See* 92 Stat. 3781, 43 Fed.Reg. 19,807 (1978).

**3.** The regulation states in pertinent part:
(a) Except as provided in paragraph (c) of this section, a complainant may file a notice of appeal at any time up to 20 calendar days after receipt of the agency's notice of final decision on his or her complaint....

29 C.F.R. § 1613.233.

**4.** The regulation states in full:
(c) The 20–day time limit within which a notice of appeal must be filed will not be extended by the Commission unless, based upon a written statement by the complainant showing that he or she was not notified of the prescribed time limit and was not otherwise aware of it or that circumstances beyond his or her control prevented the filing of a Notice of Appeal within the prescribed time limit, the Commission exercises its discretion to extend the time limit and accept the Appeal.

29 C.F.R. § 1613.233.

§ 2000e–16(c).[5] *Bell* has been described as establishing a bright line rule that federal employees are entitled to actual notice of agencies' decisions for purposes of the 30–day deadline for filing suit under 42 U.S.C. § 2000e–16(c). *See Josiah–Faeduwor v. Communications Satellite Corp.*, 785 F.2d 344, 346 (D.C.Cir.1986) (per curiam).[6] Despite the broad language used by the court in *Bell* and in *Josiah–Faeduwor* in dicta, however, we agree with the district court that *Bell* does not control this federal sector case, and we decline to extend it to apply to these circumstances.

We choose not to extend *Bell*'s actual notice rule because this case differs from *Bell* in four significant aspects: (1) Rao was appealing here to the EEOC under a 20–day time limit established by the EEOC's own regulation, not pursuant to a statutory deadline as in *Bell*, and under principles adhered to in *Bell*, we defer to the EEOC's interpretation of its own regulations; (2) the EEOC's regulatory scheme of which the 20–day deadline is a part, has been substantially changed since *Bell* was decided; (3) unlike Bell, Rao had an ongoing attorney-client relationship with his lawyer at the time the notice was mailed to her; and, (4) again, contrary to *Bell*, the person designated to collect Rao's mail receipted for notice at the address which Rao had given the agency.

1. *The EEOC Regulation.* Although the language in *Bell* may be broad enough to encompass all time limits for all Title VII suits where the government is the employer, that case did not explicitly address the time limit here in question—the one established by the EEOC in 29 C.F.R. § 1613.233(a). While the difference in the status of the provision at issue—regulation versus statute—may not always be dispositive on whether to extend a prior interpretation of one to the other, *see, e.g., Mondy v. Secretary of the Army*, 845 F.2d 1051 (D.C.Cir.1988) (finding status of provision not dispositive on whether to extend prior interpretation of regulatory deadline to statutory deadline for equitable tolling purposes), the distinction here is magnified due to factual and structural differences between *Bell* and the case before us.

In *Bell*, the court construed an ambiguous statutory term, "receipt," within the context of what it perceived to be an unremitting, congressionally-imposed deadline for filing suit in federal court. Whether viewed as a jurisdictional provision, a waiver of sovereign immunity, or an express limitation on a right created by Congress, the 30–day statutory limit for filing a civil suit brooked no exceptions, according to the court. *See also Coles v. Penny*, 531 F.2d 609, 613 (D.C.Cir.1976) (strict construction of term "notice," as requiring explicit statement of 30–day time limit for filing civil action); *Sousa v. National Labor Relations Board*, 817 F.2d 10 (2d Cir. 1987).[7] As a result, the court felt it was

---

**5.** In *Bell*, the Civil Service Commission ("CSC") mailed two letters in an attempt to inform Bell that he had been denied administrative relief and that he had 30 days within which to file a civil action. One letter was sent to an attorney in the firm that had represented Bell in the administrative proceeding. The court found, however, that both Bell and his attorney considered their attorney-client relationship to have ended prior to receipt of the notice by the attorney. The second letter was sent to Bell at his home address, at a time when he was away on vacation. Since the letter had been sent by ordinary mail, the date of the letter's arrival could not be ascertained.

Bell filed a *pro se* complaint in the district court 32 days after the notice had been received in his former attorney's office. The district court dismissed Bell's suit as time-barred. This court reversed, holding that the 30–day period for filing suit did not begin to run until Bell actually received the Board's decision (upon his return from vacation), and that his suit, brought 28 days after his return, was timely.

**6.** *Josiah–Faeduwor* involved a Title VII complaint against a *private* employer and a statutory, 90–day time limit for filing civil actions after receipt of a right-to-sue notice from the EEOC. *See* 42 U.S.C. § 2000e–5(f). In that case, the court refused to extend the *Bell* "rule" to private sector cases, distinguishing *Bell* as involving federal sector employment.

**7.** The Supreme Court has granted *certiorari* on the question whether the 30–day period for filing suit for federal employees pursuant to § 2000e–16(c) is an absolute jurisdictional requirement, or is instead subject to equitable tolling. *See Irwin v. Veterans Administration*, —— U.S. ——, 110 S.Ct. 1109, 107 L.Ed.2d 1017 (1990); *see also Stuckett v. U.S. Postal Service,*

necessary to accommodate the 30–day requirement to the broad remedial purpose of the Act by insisting that the applicant be given a full 30 days in which to initiate a civil suit after he became aware of the agency's final denial of relief.

In this case, the EEOC interpreted the phrase "receipt of notice" in the context of its own regulations. "Where the agency is authorized to issue regulations to which Congress has imparted the force of law, ... its interpretation is entitled to an even larger measure of esteem." *Bell*, 557 F.2d at 855; *see also Udall v. Tallman*, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965). Whereas in *Bell* deference to the agency's interpretation of the statute implied insistence on actual receipt, here the parallel principle of deference to the EEOC's interpretation of its own regulations calls for upholding the notice given.

Moreover, the 20–day time limit for filing an appeal to the EEOC being construed by the EEOC, unlike the statutory provision in *Bell*, is expressly subject to equitable tolling. The Commission and the courts will examine the circumstances surrounding the timing of the notice to ensure that it was not the agency's fault that the claimant failed to receive notice. Had equitable tolling been explicitly available in *Bell*, the court might not have felt compelled to interpret the statutory "receipt" requirement as calling for actual receipt in all cases to protect Title VII complainants.

2. *Changes in the regulatory scheme since Bell.* The *Bell* court also relied upon the Civil Service Commission's ("CSC") consistent interpretation of the "receipt of notice" requirement in the statute as anticipating actual notice to the affected employee. Reviewing the CSC's interpretive regulations in effect at the time *Bell* was decided, the court concluded that they "envision[ed] transmittal of notice of final administrative action both to the affected employee and his representative, if any, and in either event personal knowledge by the employee." *Bell*, 557 F.2d at 855. The court acknowledged its deference to that CSC interpretation.

Since *Bell*, the EEOC has assumed regulatory responsibility for employment discrimination claims, giving us further cause not to extend *Bell* to the 20–day regulatory time limit. While the EEOC adopted many of the CSC's regulations, it has altered the regulatory scheme in ways which suggest that it envisioned constructive, not actual notice.

The EEOC, for example, recognized that former CSC regulations did not require proof of receipt of the notice to be established by the agency. Accordingly, it revised § 1613.221(b)(1) to require that the decision of the agency "be transmitted to the complainant and his or her representative either by certified mail, return receipt requested, or by any other method which enables the agency to show the date of receipt." 29 C.F.R. § 1613.221(b)(1); *see also* 44 Fed.Reg. 34,494, 34,495 (1979). At the same time, the Commission revised the same section so as to ensure that the notice would inform complainants of the time limits for filing appeals. *See* 44 Fed.Reg. at 34,495.

The EEOC also extended the regulatory time period within which a complainant can appeal a final agency decision to the EEOC from the former CSC 15–day time period to 20 days. Moreover, acknowledging that there had been some confusion as to whether complainants were required to file a full brief or simply a notice of appeal within the time limit, the EEOC clarified that a complainant would have 20 days within which to file a "notice of appeal." The complainant would then have an additional 30 days within which to submit a brief in support of the appeal. Further, in an interpretation of "receipt of his [or her] agency's notice of

469 U.S. 898, 105 S.Ct. 274, 83 L.Ed.2d 210 (1984) (White, J. and Rehnquist, C.J., dissenting from the denial of *certiorari* on case presenting this question, acknowledging that circuits are split); *but see Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (interpreting 90–day time limit for filing of private employee discrimination suits as not jurisdictional). Relying in part on the analysis in *Zipes,* this court has recently settled the question for this circuit, ruling that the 30–day limit is not jurisdictional. *See Mondy v. Secretary of the Army,* 845 F.2d 1051 (D.C.Cir.1988).

final decision," as used in 29 C.F.R. § 1613.233(a), the EEOC adopted "a [rebuttable] presumption that in all cases in which evidence of the actual date of receipt is lacking, the final agency decision will be deemed to have been received 5 days following the date of the decision." *See* 44 Fed.Reg. 34,494 (1979).

These changes clearly place greater reliance on more flexible deadlines at the same time they assume the validity of a constructive notice requirement. Importantly, they alter an essential element of the regulatory scheme that had formed the basis for the CSC's interpretation of "receipt of notice," relied on by the court in *Bell.* Where we are asked to extend the reasoning of a statutory interpretation quite possibly eroded by later events to agency regulations, the changed circumstances of agency construction and practice support our declination.[8]

3. *Presence of Ongoing Attorney/Client Relationship.* It is undisputed that an attorney entered an appearance on Rao's behalf at the time his AID complaint was filed. Two years later, the same attorney properly received notice from AID, and filed an appeal on Rao's behalf subsequent to receiving that notice. Rao conceded that he had not been pleased with his lawyer's efforts, and that he had been unable to reach her by phone before leaving for the Philippines. Nevertheless, he had not taken steps to terminate the relationship nor notified AID that it should no longer direct correspondence to his lawyer. We must assume, as the agency did, that the lawyer-client relationship was still intact at the

time Rao's lawyer received the agency's notice.

Although the *Bell* court said that it was not explicitly relying on the status of Bell's relationship with his lawyer, the court referred several times to the plight of the lay claimant unaided by counsel. *See Sousa v. National Labor Relations Board,* 817 F.2d 10 (2d Cir.1987) (equating Bell to *pro se* litigant since court had found Bell was not represented by counsel). The court said, for example, that the assumption that "oft times there will be no lawyer" to assist a complainant calls "strongly for an interpretation favoring actual notice," *Bell,* 557 F.2d at 856, and that "[w]e deal not with what a lawyer might have perceived as a possible problem and taken precaution against, but with what one untrained in the law might reasonably conclude." *Id.* at 854. *Bell* operated on the assumption that "[n]otice is not imputed to the client unless it comes to the attorney within the duration and scope of the attorney-client relationship," and in Bell's case his attorney had withdrawn from the case prior to announcement of the Board's decision. *Id.* at 856 n. 61.

Other circuits have since decided that the presence of counsel goes far to alleviate the *Bell* court's concerns with the predicament of a claimant facing a short deadline in which to file a civil suit. *See Irwin v. Veterans Administration,* 874 F.2d 1092 (5th Cir.1989), *cert. granted,* —— U.S. ——, 110 S.Ct. 1109, 107 L.Ed.2d 1017 (1990) ("We are persuaded that the sufficiency of notice to a person's lawyer is so ingrained that we should expect Congress to say so if it intends a different rule."); *Craig v. U.S.*

---

**8.** One case had extended *Bell's* actual notice rule to cover the 15–day time limit for filing appeals to the CSC, *see Cooper v. Lewis,* 644 F.2d 1077 (5th Cir.1981), although its continued validity is in some doubt. *See Irwin v. Veterans Administration,* 874 F.2d 1092, 1095 (5th Cir.1989), *cert. granted,* —— U.S. ——, 110 S.Ct. 1109, 107 L.Ed.2d 1017 (1990). *Irwin* involved the 30–day statutory time period at issue in Bell, which the *Irwin* court found to be an absolute jurisdictional requirement. Despite that, the Fifth Circuit recognized that the altered EEOC regulatory scheme just described had so weakened the foundations underlying *Bell* that it declined to adopt the *Bell* court's interpretation of "receipt

of notice" as requiring actual notice. Instead, it adopted a constructive notice rule for the 30–day statutory time period. In so holding, the *Irwin* court also acknowledged that *Cooper* itself had become "less persuasive, since it involved interpretation of a CSC regulation, rather than its EEOC counterpart, and since it rested on *Bell....*" *Irwin,* 874 F.2d at 1095. The Supreme Court has granted *certiorari* in *Irwin* to examine the question whether actual or constructive notice is required under the 30–day requirement of 42 U.S.C. § 2000e–16(c). *See Irwin v. Veterans Administration,* —— U.S. ——, 110 S.Ct. 1109, 107 L.Ed.2d 1017 (1990).

*Department of Health, Education and Welfare,* 581 F.2d 189 (8th Cir.1978). Relying on *Bell,* the Eighth Circuit found notice to the attorney insufficient to trigger the 30–day limit where the agency had used ordinary mail and failed to verify delivery, the attorney's letter was not properly addressed, and the attorney never personally acknowledged its receipt. *Craig,* 581 F.2d at 193. In so holding, however, it distinguished the situation where written notice is sent to the employee and the employee acknowledges receipt, or written notice is sent to a representative designated by the employee and the representative acknowledges receipt. Although the present case does not involve the 30–day statutory period, so that we do not face the question whether *Bell* itself should be modified, the Eighth Circuit's discussion suggests great caution in extending *Bell's* no constructive notice reasoning to the EEOC regulation governing a different stage of the process.

4. *Receipt at Rao's Address.* Rao also argues that he should not be charged with notice on the basis of his friend's signature at his Virginia address. Obviously, Rao's arrangement with the friend was an informal one. And, according to Rao, it would have taken at least 8 to 10 days for the notice to reach him in the Philippines, if the friend had forwarded it by mail. Actually, however, there is no evidence in the record that Rao's friend did forward the notice, suggesting that Rao had not in fact made adequate arrangements for forwarding his important mail.

We find it unnecessary to decide whether receipted notice by Rao's friend would be sufficient in and of itself to constitute constructive notice to Rao. We do believe that receipt by Rao's friend supports our view that AID did everything to provide notice to Rao it could reasonably be expected to— it sent notice by registered mail to the address that Rao had given it, receipted by the person Rao designated to receive his mail. These circumstances contrast sharply with those in *Bell,* where the agency sent the notice through the ordinary mails with absolutely no way to determine when or whether it arrived safely. As just described, at the time *Bell* was decided, agen-

cies were under no regulatory obligation to ensure that notice was receipted for at the complainant's correct address.

Here, it was Rao himself, not the agency, who designated the faulty mechanism which resulted in his nonreceipt of the notice. We can find no fault with an agency's provision for providing notice that adheres in all ways with the instructions of the claimant; consequently, we are hesitant to require more, even in those rare instances, like Rao's, where the claimant does not receive actual notice.

5. *Summary.* We are asked to impose an actual notice requirement similar to *Bell's* as a requirement for appeal to the EEOC, under circumstances in which the agency has taken all reasonable steps to send proper notice, including notice to an active counsel, but the complainant himself has made inadequate arrangements for receipt. If we did so, we would run a serious risk of needlessly disrupting both the agency's and the Commission's procedures. If a claimant could simply fail to acknowledge receipt of a registered letter at the address provided to the agency, or ignore the fact that his attorney of record had properly received notice, that claimant could, as the district court feared, "handily defeat the strict time limits set by the statute and the regulations," and create an unworkable administrative scheme. *See Rao,* Mem. Op. at 3. We do not believe that any such result is necessary.

**B.** *Equitable Tolling of the 20–Day Limit*

■ Rao acknowledges that if he constructively received AID's notice, his appeal was filed at least three days late. He believes, however, that he should have been allowed an extension to cover those three days because of the turmoil inherent in moving a household abroad, and because, in the normal course of the mails, it would have taken an additional 8–10 days for notice to reach him in the Philippines even if it had been promptly forwarded. He also points to his modest request of three days leniency compared to the nearly

two-year period it took for the agency to resolve his complaint.

The district court concluded that the EEOC had not abused its discretion in failing to toll the time limit. Upon review of the record, we must agree. Rao has not proffered facts that would justify overturning EEOC's refusal to invoke its equitable discretion. *Cf. Saltz v. Lehman*, 672 F.2d 207 (D.C.Cir.1982) (acknowledging that plaintiff had the burden of pleading and proving in the district court any equitable reasons for his failure to meet the 30–day requirement of 42 U.S.C. § 2000e–5(e), (f)).

The regulations provide for equitable tolling when "circumstances beyond [the complainant's] control prevented the filing of a Notice of Appeal within the prescribed time limit." 29 C.F.R. § 1613.233(c). Rao could have averted the late filing by properly instructing his friend about what to do on receiving notice from AID. He could have notified the agency of his transit status. He could have alerted his attorney to his expected departure, and to the resultant need for the attorney to monitor his case while he was in the Philippines. He did none of these. "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Home v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1983) (per curiam).[9] We affirm the district court's decision not to equitably toll the 20–day limit.

### III. CONCLUSION

Dr. Rao competently and sympathetically presented his case of the difficulties inherent in arranging a relocation abroad. Nonetheless, we are persuaded that the agency made every reasonable effort to insure notice was received by Rao. Actual receipt by Rao's attorney could be treated by the agency as constructive notice by Rao under the circumstances of the case. Additionally, we find no basis upon which

to overturn the EEOC's refusal not to equitably toll the 20–day deadline.

*Affirmed.*

---

**9.** While AID itself may not have acted expeditiously in processing Rao's complaint, the agency's delay is not relevant to Rao's case for equitable tolling. The statute already provides a remedy for dilatory agency action. If an agency has failed to take action on a complaint 180 days after it was filed, a claimant may file a civil action directly in district court without awaiting the agency's final decision. *See* 42 U.S.C. § 2000e–16(c); *see also* 29 C.F.R. § 1613.281(b).