**Beverly T. RUTT–HANN, Plaintiff,**

v.

**POSTMASTER GENERAL OF the UNITED STATES POSTAL SERVICE, Defendant.**

**No. CIV–87–1619 PHX WPC.**

United States District Court, D. Arizona.

July 16, 1990.

Cheri McCracken, Phoenix, Ariz., for plaintiff.

Michael R. Arkfeld, Asst. U.S. Atty., Phoenix, Ariz., for defendant.

### MEMORANDUM AND ORDER

COPPLE, Senior District Judge.

Plaintiff filed on February 7, 1990 a Motion for Partial Summary Judgment on the issue of attorney's fees with respect to the underlying administrative matter. Defendant filed a Cross–Motion for Partial Summary Judgment on the same issue. The

Motions were fully briefed and oral argument was heard on July 13, 1990.

### I. Background

On July 27, 1983 plaintiff filed a complaint against the U.S. Postal Service for sex-based discrimination in the employee evaluation process. Two other employment discrimination complaints were also filed by the plaintiff against this same defendant, attacking other alleged discriminatory practices. The Administrative Law Judge ("ALJ") found that the employee evaluations which had taken place were the result of sex-based discrimination but found no discrimination with respect to the other two claims.

On September 10, 1987, the EEOC Office of Appeals and Review issued a decision affirming the ALJ's decision in all substantive respects, finding sex-based discrimination present in the employee evaluation process and finding no discrimination with respect to the other two claims. The EEOC ordered reimbursement to plaintiff for reasonable attorneys' fees pursuant to 29 C.F.R. § 1613.271(c) and instructed plaintiff's attorney to submit her request for attorneys' fees to the United States Postal Service ("USPS"), Western Region within twenty (20) days of receipt of the decision.

Plaintiff admits receiving the decision on September 14, 1987 and plaintiff's attorney admits receiving the decision on September 15, 1987. Under the requirements set forth by the Commission, plaintiff's documentation on her request for attorneys' fees was due no later than October 5, 1987. Plaintiff concedes that her request was four days late as it was admittedly mailed on October 9, 1987.

On October 22, 1987 defendant's counsel rejected plaintiff's documentation of attorneys' fees, claiming that the documentation was untimely submitted, not sufficiently specific, did not identify the time associated with the claims on which plaintiff prevailed and sought costs which were non-reimbursable.

Plaintiff appealed the USPS's rejection of her request for attorneys' fees to the EEOC on February 24, 1988. On August 9, 1988 the EEOC affirmed the USPS's decision to reject plaintiff's request for attorney's fees, basing their decision solely on the untimeliness of the documentation.

Plaintiff now seeks Summary Judgment on the issue of attorney's fees and costs associated with the administrative action. Defendant filed a Cross–Motion for Summary Judgment, seeking a determination that attorneys' fees and costs not be allowed.

## II. Discussion

■ Attorneys' fees were originally awarded by the EEOC, Office of Review and Appeals, pursuant to 29 C.F.R. § 1613.271(c) (as of July 1, 1989, this section has be redesignated 29 C.F.R. § 1613.271(d)). This section provides, in pertinent part:

(1)(i) A finding of discrimination raises a presumption of an entitlement to an award of attorney's fees.

(1)(ii) Any award of attorney's fees or costs shall be paid by the agency.

. . . . .

. . . . .

(2) Amount of Awards. When a decision of the agency ... or of the Commission provides for an award of attorney's fees or costs, the complainant's attorney shall submit a verified statement of costs and attorney's fees, as appropriate, to the agency within 20 days of receipt of the decision.

29 C.F.R. § 1613.271(d)(1) and (2). The statute does not specifically address the effect of failure to comply with the twenty-day requirement. However, a plain reading of the statute reveals that attorney's fees are awarded by the EEOC after a party prevails on a discrimination claim. The role of the agency is to examine and assess the reasonableness of the fees. The twenty day requirement relates to the time for submission not of the request for fees,

because the entitlement to fees would already have been decided by the EEOC, but to the time required to submit the verified statement.[1] Accordingly, the failure to timely submit the verified statement does not necessarily result in the total denial of fees under this Section, because the entitlement to fees has already been established by the EEOC prior to the submission of the verified statement.

■ The twenty-day time limit for submitting to the agency a verified statement of costs and attorney's fees, while set forth in the regulations, is not absolute. The regulations generally allow for equitable considerations in determining the degree to which time requirements will be enforced:

The Agency shall extend the time limits in this section when the complainant shows that he/she was not notified of the time limits and was not otherwise aware of them, was prevented by circumstances beyond the complainant's control from submitting the matter within the time limits; or for other reasons considered sufficient by the agency.

29 C.F.R. § 1613.214(a)(4). *See also, Patzer v. Board of Regents of University of Wisconsin System,* 763 F.2d 851, 854, n. 2 (7th Cir.1985) (stating that Title VII allows for equitable remedies deemed appropriate by the Court). While plaintiff's counsel in this case admits notification and knowledge of the time limits, she claims entitlement to equitable considerations because of her busy schedule during the twenty days during which she was to submit the appropriate documentation to the USPS. However, as pointed out in defendant's Cross–Motion, the mere fact that an attorney is too busy to submit documentation is not alone excusable neglect. *United States v. One 1978 Piper Navajo PA–31 Aircraft, etc.,* 748 F.2d 316, 319 (5th Cir.1984) (Counsel's assertions of office workload and of concentration on the administrative proceedings do not constitute excusable neglect); *Andrews v. Time, Inc.,* 690 F.Supp. 362, 365

**1.** A case presented during oral argument, *Rao v. Baker,* 898 F.2d 191 (D.C.Cir.1990), is readily distinguishable from the present case. *Rao* involved the time for filing an appeal to the EEOC, while this case involves filing of documentation in support of an award of attorney's fees already determined by the EEOC to be warranted.

(E.D.Pa.1988) ("An attorney's excessive caseload or engagement elsewhere" does not constitute excusable neglect).

While an allegation that plaintiff was busy does not alone justify extending a time limit, the facts that defendant suffered no harm by the delay, the delay was only four days and the EEOC had already decided fees were appropriate, tip the balance in favor of plaintiff and compel the Court to invoke equitable principles and to order that reasonable fees and costs be assessed in favor of plaintiff for the claims on which plaintiff prevailed pursuant to the procedures of 29 C.F.R. § 1613.271(d)(2).

██ With respect to the actual computation of attorney's fees and costs pursuant to the regulations cited above, this issue must be remanded to the agency so that plaintiff may exhaust administrative remedies. The issue of the reasonableness of the fees and the allowability of certain costs under the regulations has not yet been addressed at the administrative level. Only issues raised and properly exhausted in the administrative process can be raised in federal district court. *Brown v. General Services Administration*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967–68, 48 L.Ed.2d 402 (1976).

IT IS THEREFORE ORDERED:

1. That plaintiff's Motion for Partial Summary Judgment is granted to the extent that plaintiff is entitled to an award of reasonable costs and attorney's fees pursuant to 29 C.F.R. § 1613.271(d)(2);

2. That Defendant's Cross–Motion for Partial Summary Judgment is denied; and,

3. That the determination of reasonable attorney's fees and allowable costs under 29 C.F.R. § 1613.271(d)(2) is remanded to the agency so that plaintiff may exhaust administrative remedies.

