James A. HARRIS, Appellant,

v.

ADMINISTRATOR, VETERANS ADMINISTRATION, Appellee.

No. 89–2518EA.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1990.

Decided Jan. 23, 1991.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and HANSON,* Senior District Judge.

HANSON, Senior District Judge.

Harris appeals from a final order entered in the District Court[1] for the Eastern District of Arkansas, which granted summary judgment for the defendant. For the reasons discussed below, we affirm the judgment of the district court.

## I. BACKGROUND

On December 5, 1985, appellant filed an administrative Equal Employment Opportunity (EEO) complaint based on race discrimination against the Veterans Administration (VA). The VA issued its final decision November 30, 1988, finding the evidence did not support Harris' claim.

After a final agency decision, the complainant has the option of filing an administrative appeal within 20 days or a court appeal in 30 days. Harris elected to pursue the administrative remedy. He erroneously appealed the decision to the VA's Discrimination Complaints Service on December 21, 1988. The VA returned the

appeal to Harris on January 5, 1989, explaining it should have been filed with the Equal Employment Opportunity Commission (EEOC). The VA stated "we expect that your submission of a copy of your memorandum may be accepted by the Office of Review and Appeals." A courtesy copy of the VA's letter was sent to the EEOC.

On January 6, 1989, more than 20 days from the time of the agency's final decision, appellant mailed his appeal to the EEOC. It was received January 11, 1989, but considered filed as of January 6, 1989. The EEOC found that plaintiff did not state good cause for his tardy filing and dismissed the appeal.

In response to the EEOC decision, appellant timely filed this action. The VA moved for summary judgment, alleging that the only issue which may be presented to the district court was whether the EEOC was acting within its authority when it dismissed the administrative appeal. Appellant did not respond to the motion. The district court found that the dismissal was within the Commission's authority and granted summary judgment.

## II. DISCUSSION

After the final agency decision, appellant had the option of filing either an administrative appeal, 29 C.F.R. § 1613.233(a), or a court appeal, 42 U.S.C. 2000e–16(c). He chose to pursue his administrative remedies, but did not file the appeal within the time allowed by the rule. The EEOC found that Harris did not show good cause why his appeal was late.

Under EEOC regulations, the filing deadline will not be extended unless there is "a written statement by the complainant showing that he or she was not notified of the prescribed time limit and was not otherwise aware of it or that circumstances beyond his or her control prevented the filing of a Notice of Appeal within the prescribed time limit, [and] the

---

* The Honorable WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

Commission exercises its discretion to extend the time limit and accept the appeal."

29 C.F.R. § 1613.233(c). Under this regulation, it is within the Commission's complete discretion whether a late appeal will be accepted.

This case is similar to *Rao v. Baker,* 898 F.2d 191 (D.C.Cir.1990). There appellant initiated a complaint with his employer, but the employer found no discrimination. Rao was absent from the United States at the time the decision was sent to him, and his appeal to the EEOC was subsequently late. The EEOC dismissed the appeal as untimely.

The D.C. Circuit acknowledged that the "20–day time limit for filing an appeal with the EEOC ... is expressly subject to equitable tolling. The Commission and the courts will examine the circumstances surrounding the timing of the notice to ensure that it was not the agency's fault that the claimant failed to receive notice." *Id.* at 195. The court in *Rao,* however, found that there was no abuse of discretion by the EEOC in failing to toll the time limit. *Id.* at 198.

We agree that the EEOC regulations allow the deadline to be extended if equity so requires, but as in *Rao,* the facts in this case do not justify invoking equitable principles. The Supreme Court in *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam), provided guidance for determining when equitable tolling should be applied. It may be appropriate where "a claimant has received inadequate notice, ... where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, ... or where the court has led the plaintiff to believe that she had done everything required of her, ... [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." *Id.* at 151, 104 S.Ct. at 1725–26 (citations omitted). Appellant does not contend that he received inadequate notice, that the court misled him in any way, or

that a motion for counsel was pending at the time the mistake was made.

Appellant argues, however, that affirmative misconduct on the part of the defendant caused his mistake. We cannot agree. First, Harris originally sent his appeal to the wrong agency. This was not due to any action or inaction on the part of the VA. It was also not misconduct on the part of the VA to take approximately two weeks to return the letter to Harris, especially since it occurred during the holiday season. Finally, the VA's statement that the EEOC would probably accept the appeal did not cause appellant to delay his appeal. The record reflects that Harris received the VA's letter on January 5, 1989, and mailed his appeal to the EEOC on January 6, 1989.

Thus, the EEOC did not abuse its discretion by refusing to extend appellant's filing deadline.

### III. CONCLUSION

We find no basis upon which to overturn the EEOC's refusal to equitably toll the 20–day filing deadline. Accordingly, the judgment of the district court is affirmed.