948 F.2d 1289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stephen Edward LONG, Plaintiff-Appellant,
v.
Donald B. RICE, Secretary of the Air Force, et al.,
Defendants-Appellees.
 No. 91-3519.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1991.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and RUBIN, District Judge.*
 
 ORDER
 
 2
 Stephen Edward Long, an Ohio citizen, appeals pro se from the district court order dismissing his employment discrimination case filed under Title VII, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Long is employed at Wright Patterson Air Force Base as a payroll clerk. He responded to a job announcement for nine positions of personnel management specialist. On September 1, 1989, he received notice that he had not been selected for the positions. He filed a complaint with an equal employment opportunity counselor on October 6, 1989. The complaint was found to be untimely. Long received notice of the final agency decision on April 26, 1990. His appeal to the Equal Employment Opportunity Commission (EEOC) was postmarked May 18, 1990. The EEOC affirmed the finding that the original complaint was untimely. Long then filed this action, alleging that he had been discriminated against on the basis of race, sex and age. Defendant moved to dismiss for failure to timely exhaust administrative remedies. A hearing on the motion was held before a magistrate judge, who recommended that it be granted. Over Long's objections, the district court adopted the recommendation to dismiss, finding that both Long's original complaint and his appeal to the EEOC had been untimely.
 
 
 4
 Upon consideration, it is concluded that the district court was correct in finding that the date Long received notice that he had not been selected is the proper date from which the appeal period should be calculated. Long's arguments to the contrary are refuted by the fact that he listed September 1, 1989, in his original complaint as the date of the discriminatory act. Therefore, his original complaint was untimely. Moreover, the district court also correctly found that the appeal to the EEOC was untimely, which is an alternate ground for dismissal. See Rao v. Baker, 898 F.2d 191, 192 (D.C.Cir.1990).
 
 
 5
 Accordingly, the order dismissing this case is affirmed for the reasons stated by the district court. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation