983 F.2d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard C. BURKS, Plaintiff-Appellant,
v.
Donald B. RICE, Secretary, U.S. Department of the Air Force,
Defendant-Appellee.
 No. 91-35989.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1992.*
Decided Jan. 5, 1993.
 
 Before EUGENE A. WRIGHT, FLETCHER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 Introduction
 
 2
 Richard C. Burks appeals the district court's dismissal with prejudice of his complaint alleging that the United States Air Force discriminated against him by refusing to hire him as a pipefitter. The Air Force informed appellant that he did not meet the physical qualifications for the position because of his partial hearing loss.
 
 
 3
 Acting pro se, appellant filed a complaint with the Equal Employment Opportunity Commission (EEOC), asserting claims of discrimination based on age and handicap. The final agency decision, finding no discrimination, was issued on December 16, 1988. Although appellant acknowledges receiving the letter shortly thereafter, he submits that he did not become aware of its contents until February 17, 1989, upon his return from Texas. He had left Alaska on an urgent request to care for his elderly mother, and, having collected his mail prior to departure, had not read it then or in the interim. On February 22, 1989, appellant filed an appeal with the EEOC. It was denied as untimely on December 18, 1989. The agency declined to toll the statute of limitations pursuant to 29 C.F.R. § 1613.214(a)(4). Upon appellant's request to reopen the appeal, the EEOC held that he had not complied with 29 C.F.R. § 1613.235(b)(2), which requires that the party requesting reopening establish that the previous decision involved an erroneous interpretation of law or regulation or a misapplication of established policy.
 
 
 4
 The district court dismissed appellant's federal suit adopting the findings of the magistrate judge. The court held that it lacked subject matter jurisdiction because appellant had not timely exhausted his administrative remedies, and because equitable tolling did not apply. We affirm.
 
 Standard of Review
 
 5
 The existence of subject matter jurisdiction under Title VII is reviewed de novo. Vinieratos v. United States Dep't of Air Force, 939 F.2d 762, 767 (9th Cir.1991). Whether a claimant has exhausted her administrative remedies is also reviewed de novo. Id. at 768.
 
 Discussion
 
 6
 Exhaustion of administrative remedies is a prerequisite to a a lawsuit alleging employment discrimination against the government. See Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976); Boyd v. United States Postal Serv., 752 F.2d 410, 412 (9th Cir.1985); Cooper v. Bell, 628 F.2d 1208, 1211 (9th Cir.1980). A failure to comply with the established time limits in the administrative process is deemed a failure to exhaust administrative remedies. Brown, 425 U.S. at 824; Boyd, 752 F.2d at 414.
 
 
 7
 Under the authority delegated to the EEOC pursuant to 42 U.S.C. § 2000e-16(b), the EEOC has developed administrative remedies and procedures governing employment discrimination complaints. After the agency issues its final decision, a petitioner may appeal to the EEOC within twenty days after receipt of notice of the decision, 29 C.F.R. § 1613.233(a), or initiate suit in federal court within thirty days, 42 U.S.C. § 2000e-16(c). Appellant failed to meet the statutory time limits for appeal. Notwithstanding the expiration of the twenty-day limitation period, the district court may retain jurisdiction over this matter, if the record shows that the doctrine of equitable tolling applies. Irwin v. Veterans Admin., 498 U.S. 89, ----, 111 S.Ct. 453, 457 (1990). We agree with the district court that the doctrine of equitable tolling is not applicable in this case. Appellant failed to exercise due diligence in preserving his legal rights either by taking his mail on his journey or arranging for someone else to alert him to pressing matters during his absence. He makes no claim that he received inadequate notice or was misled into allowing the filing period to lapse. Id. at 458; Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) (per curiam). His is the sort of "garden variety claim of excusable neglect" to which the doctrine of equitable tolling does not apply. Irwin, 498 U.S. at ----, 111 S.Ct. at 458.
 
 
 8
 Nor did the EEOC abuse its discretion in determining that appellant had not shown that "circumstances beyond his ... control prevented the filing of a Notice of Appeal within the prescribed time limit." 29 C.F.R. § 1613.233(c). Harris v. Veterans Admin., 924 F.2d 148, 150 (8th Cir.1991); Rao v. Baker, 898 F.2d 191, 198 (D.C.Cir.1990) (district court reviews for abuse of discretion). The burden is on petitioner to provide sufficient facts and evidence to the EEOC warranting an equitable extension. 29 C.F.R. § 1613.214(a)(4). While his mother's medical emergency was not subject to his control, appellant could have taken steps to preserve his legal rights even under these unfortunate circumstances by, for example, carrying the mail with him or having it read to him over the telephone. The court found that he received the EEOC's letter and had proper notification of the time limitations governing appeal. Appellant urges that he was too preoccupied to ascertain that the EEOC letter was amongst the others he collected prior to travelling out of state. Both the EEOC and the district court declined to apply equitable principles to excuse appellant's lack of diligence in failing to appraise himself of the contents of his mail. There are no facts on the record to indicate that the EEOC abused its discretion in denying the extension.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3