# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued October 25, 2016        Decided January 31, 2017

No. 15-5333

CONTINENTAL RESOURCES, INC.,
APPELLANT

v.

SALLY JEWELL, SECRETARY, UNITED STATES DEPARTMENT OF
THE INTERIOR, ET AL.,
APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:14-cv-00065)

---

*L. Poe Leggette* argued the cause for Appellant. With him on the briefs were *Rosario C. Doriott Domínguez* and *Alexander K. Obrecht*.

*Tamara N. Rountree*, Attorney, U.S. Department of Justice, argued the cause for Appellees. With her on the brief were *John C. Cruden*, Assistant Attorney General, and *David Gunter*, Attorney.

Before: BROWN and SRINIVASAN, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* RANDOLPH.

RANDOLPH, *Senior Circuit Judge*:  The district court dismissed as untimely an action Continental Resources, Inc. brought for judicial review of a decision of the Department of the Interior. *Cont'l Res., Inc. v. Jewell*, 134 F. Supp. 3d 231, 237 (D.D.C. 2015).  The question on appeal is whether, as the district court ruled, Continental filed its action more than 180 days after its "receipt of notice" of Interior's "final decision." 30 U.S.C. § 1724(j) & (h)(2)(B).

Continental extracts gas from leased federal land and pays royalties to the Interior Department.  On May 5, 2010, an agency within the Interior Department began an administrative proceeding against Continental by issuing an order demanding more than $1.7 million in additional royalties.  Continental took an administrative appeal to the agency's director.  From the date of the agency's order, the Secretary or a designee had thirty-three months to reach a final decision in this matter.  *See* 30 U.S.C. § 1724(h)(1) & (2); *Murphy Exploration and Production Co. v. U.S. Dep't of Interior*, 252 F.3d 473, 480-82 (D.C. Cir. 2001).  Under § 1724(h)(2)(B), if the Secretary fails to reach a final decision within that time, the Secretary "shall be deemed to have issued a final decision" against the lessee when the amount in controversy is $10,000 or more, as it was here.  30 U.S.C. § 1724(h)(2)(B).

 "The 33-month period may be extended by any period of time agreed upon in writing by the Secretary and the appellant." *Id.* § 1724(h)(1).  In July 2010, Continental and the Interior agency entered into such an extension agreement, placing Continental's appeal "on hold from June 12, 2010 through December 13, 2010, pending completion of settlement discussions."  Joint Appendix 151.  Extension agreements are

apparently common. *See* Agency's Mot. for Recons. 7-10, *Cont'l Res., Inc. v. Jewell*, No. 1:14-cv-00065-RDM (D.D.C. Sept. 25, 2013), ECF No. 21-3. Continental's written agreement also stated that the parties extended "for the same number of days the 33-month time frame for processing appeals as set out in 30 U.S.C. 1724(h)(1)," but that either party could terminate the agreement. Joint Appendix 151. Approximately three weeks later, on August 18, 2010, the Interior agency informed Continental that it had decided not to enter into settlement negotiations.

In April 2013, Continental received an unfavorable decision from the agency's director. The company filed an administrative appeal to the Interior Board of Land Appeals. The Board, concerned about its jurisdiction, issued a show-cause order questioning whether the "deemed final" provision had already been triggered, thus ending all administrative proceedings with a final decision of the Secretary. In response, Continental argued that the August 2010 letter from the Interior agency terminated their extension agreement and that the deadline for the Secretary's decision therefore passed on June 15, 2013.[1] Interior argued that the letter had not terminated the extension agreement and that the deadline would not be reached

---

[1] The Board would find for Continental and hold that the deadline passed on June 17, 2013. That June 15, 2013, was a Saturday may explain this discrepancy. *See* FED. R. CIV. P. 6(a). But this discrepancy, like others in the parties' proposed chronologies, does not affect the outcome of this appeal.

until August 12, 2013.[2] In a five-page opinion, the Board ruled that the deadline passed on June 17, 2013, at which time the Secretary's non-decision became "deemed final."[3] *Cont'l Res., Inc.*, 184 IBLA 59, 64 (2013). The Board issued its opinion on July 29, 2013.

Under 30 U.S.C. § 1724(j), Continental had 180 days from "receipt of notice" of the final agency action to file its complaint. Continental filed the complaint in the district court on January 16, 2014. Interior moved to dismiss it, arguing that the complaint was untimely because more than 180 days had passed from the date of the Secretary's "deemed final decision," which Interior identified as June 17, 2013, the date given in the opinion of the Board of Land Appeals. The district court agreed and dismissed Continental's complaint. *Cont'l Res.*, 134 F. Supp. 3d at 237.

---

[2] This proposed deadline created another discrepancy in the record. Interior argued for the August 12 deadline by adding 154 days to the 33-month period, but it later conceded that under its own theory of the case, the extension was for 184 days. *See* Agency's Mot. for Recons. 5 n.3, *Cont'l Res., Inc. v. Jewell*, No. 1:14-cv-00065-RDM (D.D.C. Sept. 25, 2013), ECF No. 21-3.

[3] As the Board recognized, the thirty-three months plus extension should have been calculated from the time Interior issued its order requiring Continental to pay up (May 5, 2010), rather than from the time Continental took an appeal from that order (June 10 or 11, 2010). *Cont'l Res., Inc.*, 184 IBLA 59, 62 n.3 (2013). *See also* 30 U.S.C. § 1702(18); *Murphy Exploration*, 252 F.3d at 480-82. This error does not affect the outcome of the appeal.

Did the 180-day period begin on June 17, 2013, as Interior argued and the district court decided, or on July 29, 2013, the date of the Board's decision, as Continental argued?  If June 17, Continental's complaint is time-barred;[4] if July 29, the complaint is timely.

In answering this question we understand that the 180-day period for seeking judicial review did not run from the date of final agency action.  The 180-day period ran instead from the date Continental received notice of that action.  Section 1724(j) is quite clear about this.  The provision states that "a judicial proceeding challenging the final agency action" is "timely so long as such judicial proceeding is commenced within 180 days from receipt of notice by the lessee or its designee of the final agency action."  30 U.S.C. § 1724(j).

So when did Continental receive notice of the Secretary's "deemed final" decision?  The date of notice could not possibly have been earlier than the ruling of the Board of Land Appeals on July 29, 2013.  Until then neither Continental nor Interior could know what date the Board would designate as the date of the Secretary's final decision.  Both sides had presented colorable arguments to the Board.  Needless to say, one cannot be on notice of final agency action while the date of that action has not yet been determined.  Only when the Board ruled on July 29, 2013, did Continental learn that § 1724(h) had converted

---

[4] The district court treated this as a matter of "subject-matter jurisdiction."  *Cont'l Res.,* 134 F. Supp. 3d at 233.  *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015), decided five months before the district court decision, makes it doubtful that the 180-day period is jurisdictional, but nothing in our opinion turns on the point.

Interior's inaction into a "final decision in favor of the Secretary" on June 17, 2013. The Board's ruling, and Continental's "receipt of notice" of that ruling, triggered the running of the 180-day period under § 1724(j). It follows that Continental commenced this action within the 180-day period. The company filed its complaint on January 16, 2014, 171 days after the Board's ruling of July 29, 2013.

The district court decided that the 180-day period ran from June 17, 2013, the date of the Secretary's deemed-final decision. But as we have pointed out, § 1724(j) provides that the 180-day period runs not from the date of the final decision, but from the lessee's "receipt of notice" of the final decision. To explain the discrepancy, the district court stated that "although the plaintiff did not receive notice of final agency action until July 29, 2013, the plaintiff received notice by operation of law that the Secretary had not issued a decision within the 33 month period." *Cont'l Res.*, 134 F. Supp. 3d at 237. "Operation of law"?[5] What "law"? The "law" here is § 1724(h)'s 33-month provision and § 1724(j), pursuant to which the 180-day period runs "from receipt of notice." If the district court believed that § 1724(h)

---

[5] When courts have interpreted "receipt of notice" in other contexts, the discussion has often focused on a question not presented here – namely, who must receive the mailed notice. We have held that in some instances the litigant must personally receive the notice, *Bell v. Brown*, 557 F.2d 849, 857 (D.C. Cir. 1977), while receipt by the litigant's attorney sufficed in others, *Rao v. Baker*, 898 F.2d 191, 198 (D.C. Cir. 1990). *See also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 91-93 (1990); *Christmas v. Spellings*, 404 F. Supp. 2d 239, 240-41 (D.D.C. 2005) (collecting cases). We have never held that a party received notice by "operation of law" and we are not aware of any decision to that effect in the other courts of appeals.

somehow triggered § 1724(j), it offered no basis for that belief. It instead relied on the "operation of law," and thereby read § 1724(j)'s "receipt of notice" requirement out of the statute.

We do not decide what level of notice is required in other situations. This case does not involve, for instance, the § 1724(h) conversion deadline passing without dispute or the Secretary issuing a timely decision on the merits. We hold only that because Continental could not have known the date of final agency action until July 29, 2013, receipt of notice could not have occurred before then. Continental's complaint was therefore timely. The judgment of the district court is reversed and the case is remanded for further proceedings.

*So ordered.*