# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 20-5043

September Term, 2022

FILED ON: July 25, 2023

HENRY GETER,
　　　　　　APPELLANT

v.

UNITED STATES GOVERNMENT PUBLISHING OFFICE,
　　　　　　APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:16-cv-00482)

Before: WILKINS and KATSAS, *Circuit Judges*.[1]

## J U D G M E N T

This appeal was considered on the briefs and arguments of the appellee and the Court-appointed amicus.[2]  The Court has fully considered the appeal and has determined that it does not warrant a published opinion.  *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d).  For the reasons stated below, it is:

**ORDERED** that the district court's judgment be **AFFIRMED**.

The Americans with Disabilities Act prohibits employers from discriminating against any qualified individual based on a disability.  42 U.S.C. § 12112(a).  The ADA defines such discrimination to include a failure to make reasonable accommodations for such individuals.  *Id.* § 12112(b)(5)(A).  The ADA also prohibits employers from retaliating against employees who assert protection under the statute.  *Id.* § 12203(a).

Henry Geter drove a delivery truck for the Government Publishing Office.  This job required him to possess a commercial driver's license (CDL).  In 2009, Geter suffered a back injury, became unable to drive, and began collecting worker's compensation benefits.  In 2010,

---

[1] Senior Judge Silberman was a member of the panel before his death on October 2, 2022.  Judges Wilkins and Katsas have acted as a quorum in this judgment.  *See* 28 U.S.C. § 46(d).

[2] We appointed J. Scott Ballenger as amicus curiae in support of the appellant.  Mr. Ballenger and his student-counsel ably discharged their responsibilities, and the Court thanks them for their service.

Geter returned to work, suffered another back injury, and again went on paid leave. In June 2013, Geter unsuccessfully sued GPO for various kinds of alleged employment discrimination.

In November 2013, GPO ordered Geter to return to work with a valid CDL. In response, Geter claimed that the painkillers he was taking for his back injury made him unable to renew his license. Geter asked his supervisor, Gregory Robinson, for a temporary transfer to a desk job. By letter dated December 16, 2013, Robinson again directed Geter to return to work with a valid CDL. As for the requested accommodation, Robinson told Geter: "If it is in fact your desire to seek a reasonable accommodation, you need to inform me specifically what accommodation/s you are seeking. In addition, you must provide medical documentation detailing your condition to the Agency's Chief Medical Officer by Friday, December 27, 2013." J.A. 119. Geter continued to seek a temporary desk job, but he failed to provide GPO with the requested medical documentation. In April 2014, GPO fired Geter for not having a valid CDL and thus being unable to perform the essential functions of his job as a driver. The Merit Systems Protection Board and the Equal Employment Opportunity Commission both affirmed GPO's decision.

In this case, Geter contends that GPO unlawfully failed to accommodate his disability by refusing to assign him to a light-duty position while his back healed. Geter also contends that GPO fired him in retaliation for his requesting an accommodation and filing the earlier lawsuit. The district court granted summary judgment to GPO. *Geter v. GPO*, 436 F. Supp. 3d 227 (D.D.C. 2020). We now affirm.

To prevail on his first claim, Geter must prove that GPO denied his request for a reasonable accommodation. *Ward v. McDonald*, 762 F.3d 24, 31 (D.C. Cir. 2014). Because Geter failed to respond to GPO's reasonable request for medical documentation of his injury, he cannot do so.

The process of determining an appropriate reasonable accommodation requires an "interactive process" between the employer and the disabled employee. 29 C.F.R. § 1630.2(o)(3). This process involves "a flexible give-and-take between employer and employee so that together they can determine what accommodation would enable the employee to continue working." *Ward*, 762 F.3d at 32 (citation omitted). If an employee prematurely and unreasonably abandons the give-and-take, the employer is entitled to summary judgment. *See id.* at 32–35; *Stewart v. St. Elizabeths Hosp.*, 589 F.3d 1305, 1308–09 (D.C. Cir. 2010).

In this case, Geter did just that by failing to provide GPO with any medical documentation of his disability. Geter objects that his personnel file already contained such documentation. But the most recent documentation in Geter's file was a medical report that was then over a year old, and it stated that Geter "should be able to return to his work activities." J.A. 96. Geter further objects that he never received Robinson's letter requesting the documentation. But the letter was delivered both to Geter's home address and to his attorney, which counts as delivery to Geter. *See Rao v. Baker*, 898 F.2d 191, 196–97 (D.C. Cir. 1990).

Geter's retaliation claim is also without merit. For ADA retaliation claims that rest on circumstantial evidence, we apply the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Johnson v. Interstate Mgmt. Co.*, 849 F.3d 1093, 1099 (D.C. Cir. 2017). GPO has offered a legitimate, non-discriminatory reason for firing

Geter—he could not drive a delivery truck without a CDL. The remaining question is whether Geter produced sufficient evidence that this stated reason was pretextual and that the actual reason was retaliation for protected activity. He has not.

Geter's lead pretext theory is that GPO failed to allow Geter to work in a light-duty position but made that accommodation for other injured drivers. This kind of argument requires showing that the comparators are similarly situated to the plaintiff. *Royall v. Nat'l Ass'n of Letter Carriers, AFL-CIO*, 548 F.3d 137, 145 (D.C. Cir. 2008). Here, Geter must show that GPO accommodated other drivers who lacked a CDL.

Although a handful of injured GPO drivers received temporary light-duty assignments, there is no admissible evidence that any of them lacked a CDL. To be sure, one declaration stated that Robinson accommodated two injured drivers who had lost their CDLs. But it was not made under the penalty of perjury, which is required for unsworn statements. 28 U.S.C. § 1746; D.D.C. Local Rule 5.1(f). And "while an unsworn statement may be considered on summary judgment" as an affidavit under Federal Rule of Civil Procedure 56(c), "an unsworn statement that has not been made under penalty of perjury cannot." *United States ex rel. Doe v. Heart Sol., PC*, 923 F.3d 308, 315 (3d Cir. 2019).

Moreover, several of Geter's comparators engaged in protected activity and yet were not fired. For example, one filed an EEO complaint in 2016 and was accommodated in 2017 and 2018. Another filed an EEO complaint in 2002 and was accommodated between 2010 and 2012. And a third filed an EEO complaint in 2016 and was accommodated in 2017 and 2018. GPO's accommodation of other drivers who had filed EEO complaints significantly undercuts any inference that it refused to accommodate Geter based on his engaging in similar protected activity.

For these reasons, we affirm the grant of summary judgment for GPO.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

## Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
   Daniel J. Reidy
   Deputy Clerk

3