963 F.2d 376
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Alfred TAYLOR, Appellant,
v.
William J. SNIDER; Drug Enforcement Agency, Appellees.
 No. 90-5477MN.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 12, 1992.
Filed: June 2, 1992.
 
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Alfred Taylor appeals the district court's order dismissing Taylor's action to set aside the Drug Enforcement Agency's (DEA) forfeiture of his Mercedes-Benz automobile. We affirm.
 
 
 2
 Following Taylor's arrest for a drug-related crime, the DEA seized Taylor's automobile and started forfeiture proceedings under 21 U.S.C. § 881(a)(4) (1982) (vehicle used to facilitate sale of controlled substance subject to civil forfeiture). The DEA sent Taylor a notice of the seizure by registered mail to the correctional facility where Taylor was incarcerated. The notice was delivered and a receipt signed by someone other than Taylor was returned to the DEA.
 
 
 3
 The notice informed Taylor of the forfeiture proceeding and advised Taylor, "You may petition the DEA to return the property or your interest in it to you ... and/or you may contest the seizure and forfeiture of the property in COURT." The notice instructed Taylor to file a claim of ownership with the DEA "within twenty (20) days of the first date of publication of the notice of seizure" if he wished to challenge the forfeiture in court. See 19 U.S.C. § 1608 (Supp. V 1987). When Taylor did not file a claim of ownership within the required time period, the DEA entered a declaration of forfeiture and released the automobile to the bank holding a lien against it.
 
 
 4
 Several months later, Taylor sent the DEA a letter claiming ownership of the automobile. Taylor attached a copy of the notice of seizure that the DEA had mailed to him at the correctional facility. When the DEA informed Taylor that his automobile had already been forfeited, Taylor filed this action challenging the forfeiture and seeking the return of his automobile. The district court dismissed the action for lack of jurisdiction because Taylor had failed to file a timely claim of ownership with the DEA.
 
 
 5
 On appeal, Taylor contends the untimely filing of his claim of ownership is not a jurisdictional bar to this action because the twenty-day filing period is not a statute of limitations, but rather, is a timeliness requirement subject to equitable tolling. Taylor thus contends his claim of ownership should be considered timely.
 
 
 6
 Accepting Taylor's contention at face value for the purpose of this appeal, we conclude Taylor cannot prevail. The district court specifically found the DEA had complied with the civil forfeiture requirements for the seizure of Taylor's automobile. See 21 C.F.R. § 1316.71-.81 (1991). Taylor does not contend the notice of seizure was substantively deficient or misleading, or that the DEA was involved in any sort of affirmative misconduct. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) (per curiam) (courts may toll limitations period when plaintiff received inadequate notice or when affirmative misconduct by defendant lulled plaintiff into inaction); Harris v. Administrator, Veterans Admin., 924 F.2d 148, 150 (8th Cir. 1991). Although Taylor contends he did not actually receive the notice of seizure until the filing period had passed, Taylor does not dispute that the correctional facility actually received the notice. We thus conclude the DEA complied with its obligation to give adequate notice of the forfeiture.
 
 
 7
 There being no basis to impose equitable tolling against the DEA in this civil forfeiture action, we affirm.