Frances Ann
**JOSIAH–FAEDUWOR, Appellant,**

v.

**COMMUNICATIONS SATELLITE
CORP., et al.**

No. 85–5643.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 19, 1986.

Decided March 11, 1986.

Douglas B. Huron, Washington, D.C., for appellant.

Anita W. Schoomaker, with whom Robert J. Smith, Washington, D.C., was on brief, for appellees.

Before EDWARDS, GINSBURG and BORK, Circuit Judges.

Opinion Per Curiam.

PER CURIAM:

This case concerns the timeliness of a civil action for alleged race discrimination in employment commenced by plaintiff-appellant Frances Ann Josiah-Faeduwor against defendant-appellee Communications Satellite Corporation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (the Act). The Act affords a complainant 90 days after receipt of a right-to-sue notice from the Equal Employment Opportunity Commission (EEOC or Commission) to bring suit in court. *See* Section 706(f) of the Act, 42 U.S.C. § 2000e–5(f)(1)(A). Faeduwor's court complaint was filed on October 10, 1984, less than 90 days after the date—July 14—that

Faeduwor herself received a copy of the right-to-sue notice, but more than 90 days after the June 26 receipt of EEOC's certified mailing to the law firm that represented Faeduwor.

The district court concluded that suit had not been commenced within the 90-day frame, and that Faeduwor had not shown equitable reasons for extending the complaint-filing period. Accordingly, the district court dismissed the action. We agree that, in the particular circumstances this case presents, it was proper to date the running of the 90-day period from the date the EEOC's certified mailing was received at the offices of plaintiff's counsel, and that Faeduwor had not established equitable cause for tolling the time limitation. We therefore affirm.

We set out first the sequence of events relating to the right-to-sue notice. Faeduwor had filed her charge of race discrimination in hiring with the EEOC in September 1980. In March 1981, she furnished to the Commission the name and law firm affiliation of her attorney. Counsel, by letter to the EEOC dated April 26, 1984, requested on behalf of Faeduwor the Commission's issuance of a right-to-sue notice. The Commission dispatched the requested notice, which was dated June 22, 1984, to Faeduwor and to her counsel by certified mail. The notice mailed to Faeduwor was returned to the EEOC because Faeduwor had moved. The mailing to counsel, however, was received at the law firm on June 26, 1984.

Because the EEOC had been furnished no forwarding address for Faeduwor, it mailed the returned copy to her counsel with a cover letter dated July 10, 1984. Faeduwor's counsel represented that he received this second mailing on July 13 and that Faeduwor received the notice the next day, July 14. Faeduwor maintains that the 90-day filing period should run from the July 14 date, thus rendering her court complaint timely. The district court held that her time to sue ran from the June 26 date on which the EEOC's initial mailing was received at the offices of Faeduwor's counsel.

Faeduwor initially argues here, as she did in the district court, that the certified mailing received at her counsel's law firm on June 26 should be disregarded. She acknowledges that the same secretary signed for the June 26 mailing and for the one counsel admits he received on July 13. The envelope received July 13, it is conceded, contained a copy of the notice of right to sue. As to the mailing signed for on June 26, however, Faeduwor asserts: "[I]t is not clear whether the envelope contained a suit notice." Brief for Appellant at 4. Possibly, she suggests, nothing was in that envelope. *Id.* at 11 n. 10.

If the envelope was empty, or if it contained something other than the right-to-sue notice, however, the recipient was best positioned to come forward with clarifying evidence. While pleading that no one at the firm now knows what was in the envelope, *see* Affidavit of Edward F. Canfield, February 11, 1985, para. 5, reprinted in Record Excerpts at 79, counsel does not deny that the envelope contained the suit notice, or allege that no person at the firm saw what was inside. The district court, in these circumstances, could fairly treat the June 26 delivery as bearing the notice counsel had requested on April 26, absent proof by Faeduwor that nothing—or something else—was inside the envelope dispatched by the EEOC.

Faeduwor further argues that even if the June 26 date figures at the start of the calculus, it remains the fact that she first received actual notice on July 14; she therefore pleads in the alternative that the commencement of the 90-day period should be equitably tolled until this date. Title VII time limitations are subject to equitable tolling, *see Zipes v. Trans World Airlines*, 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982), but we find no occasion for such tolling in this case.

Faeduwor had informed the EEOC in March 1981 that counsel would represent her. Counsel himself requested the right-to-sue notice from the EEOC on April 26,

1984, a request no diligent attorney would make were he not prepared presently to file his client's claim in court; and counsel still had 72 days to file the claim as of July 14. The right-to-sue notice was clearly dated June 22 at the bottom of the form, indicating to a diligent plaintiff or counsel that the 90-day period may have begun to run earlier than July 14. Importantly, in filing her EEOC charge, Faeduwor signed a form that contained conspicuous instructions to the charging party to notify the Commission of a telephone or address change. Plaintiff later changed her address without notifying the EEOC. It is because of this failure that Faeduwor did not receive actual notice until July 14: the EEOC, it appears, mailed Faeduwor notice on or about June 22, but the mailing was returned by the postal service with the explanation "moved, left no address." As earlier recounted, the EEOC, without undue delay, then forwarded the notice to plaintiff's counsel, who forwarded it to plaintiff.

■ Faeduwor ultimately and most forcibly argues, however, that our decisions in *Bell v. Brown,* 557 F.2d 849 (D.C.Cir.1977), and *Brown v. National Highway Traffic Safety Administration,* 673 F.2d 544 (D.C. Cir.1982), establish a "bright line" rule that notice may never be imputed from counsel to client in Title VII cases. As she reads circuit precedent, only actual receipt by the complainant counts.

*Bell* did establish such a rule for federal sector Title VII cases, which are brought under Section 717(c) of the Equal Opportunity Act of 1972, 42 U.S.C. § 2000e–16(c). The later *Brown* case involved a petition for review of a decision of the Merit Systems Protection Board (MSPB) under 5 U.S.C. § 7703(b)(1), which provides that such petitions must be filed within 30 days of receipt of notice of final action by the MSPB. The *Brown* opinion observed that section 7703(b)(2) calls for judicial review in cases involving allegations of discrimination in accordance with, *inter alia,* Section 717(c) of the Equal Opportunity Act—the very provision at issue in *Bell*—and that

review petitions under section 7703(b)(2) must be filed within 30 days of notice of final agency action. The court concluded that *Bell* therefore directly controlled the interpretation of section 7703(b)(2) and so should also control the interpretation of section 7703(b)(1) for consistency's sake. Both *Bell* and *Brown* thus concentrated exclusively on the question whether notice can be imputed from attorney to client in federal sector discrimination cases brought under Section 717(c).

We hold that the *Bell* rule does not extend to private sector Title VII cases brought under Section 706(f) of the Civil Rights Act. Several factors distinguish the private sector scheme from the public sector setting with regard to the significance of a rule allowing imputed notice. First, the time limit for bringing suit in a private sector action is three times longer than that for a public sector suit—90 rather than 30 days. *Compare* 42 U.S.C. § 2000e–5(f)(1) *with* 42 U.S.C. § 2000e–16(c). Second, the event that begins the 90-day court complaint filing period is not notice of the final decision of the employing agency, the very body accused of discrimination, but notice of the right to bring suit issued by the EEOC, an independent civil rights enforcement authority. *Compare* 42 U.S.C. § 2000e–5(f)(1) *with* 42 U.S.C. § 2000e–16(c). Third, in the private sector regime, the EEOC's charge form bears clear instructions to the charging party to notify the EEOC of address and telephone number changes. *See supra* at 4. If the charging party does not receive personal notice at once because of her failure to comply with these instructions, she is not sympathetically situated to complain against imputation to her of notice received by the counsel she has designated to represent her.

■ In light of these distinctions, we do not believe that a private sector Title VII plaintiff needs the protection of an absolute rule barring imputed notice, over and above the protection afforded by equitable tolling doctrine. It would be excessive to permit a complainant represented

by counsel to gain a time extension—in face of the EEOC's issuance of a right-to-sue notice in response to her counsel's prompting—by virtue of her failure to inform the EEOC of her address change. In cases factually similar to this one, other circuits have held that notice may be imputed to a private Title VII claimant under appropriate circumstances. *See Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1243 (11th Cir.1982) (claimant charged with constructive receipt because of his failure to notify EEOC of address change); *Gonzalez v. Stanford Applied Engineering*, 597 F.2d 1298, 1299 (9th Cir.1979) ("when the request for issuance of a right to sue comes from a claimant's attorney, notice to the attorney that right to sue has been granted starts the time running").

Because Faeduwor has failed to show why notice should not be equitably imputed to her on the basis of her attorney's receipt of the right-to-sue notice on June 26, 1984, or why the statutory time prescription should otherwise be equitably tolled, we hold that her court complaint, filed on October 10, 1984, was untimely under Section 706(f) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(1)(A). Accordingly, the judgment of the district court is

*Affirmed.*