Theresa **HOLLAND**, Plaintiff,

v.

**WESTERN DEVELOPMENT CORPORATION,**
Defendant.

**Civ. A. No. 92–295.**

United States District Court,
District of Columbia.

Aug. 14, 1992.

---

**18.** API Case Admin.Rec. 41 at C.2.g.

**19.** API Case Admin.Rec. 41, at C.2.f.

Mary Hartnett, Coudert Bros., Washington, D.C., for plaintiff.

Stephen B. Forman, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

Plaintiff filed this case pro se, but the Court has since appointed counsel for plaintiff from the Civil Pro Bono Panel. Plaintiff's original complaint alleged that the defendant had discriminated against her on the basis of her race and her family responsibilities in violation of the District of Columbia Human Rights Act. Plaintiff has subsequently filed an amended complaint adding a claim for discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*

The defendant has filed a motion to dismiss, or in the alternative for summary judgment. The defendant claims that this action is time barred because it was filed three and a half years after the plaintiff was terminated from her employment with the defendant on April 1, 1988 and more than two years after the Equal Employment Opportunity Commission issued plaintiff a notice of right to sue on September 8, 1989. The Court held a hearing on the motion.

There is no dispute over the relevant facts as they have been pled by the plaintiff and subsequently realleged in materials submitted to support plaintiff's opposition to the motion to dismiss. Ms. Holland was employed with Western Development Corporation from February 23, 1987 until April 1, 1988. She was fired from her job on April 1, 1988. Shortly thereafter, she filed a claim for unemployment benefits. Then, on May 10, 1988, she filed a complaint with the District of Columbia Office of Human Rights (OHR). She completed a form that automatically caused her complaint to be cross-filed with the EEOC. The OHR filed her EEOC complaint for her. She never went to the EEOC office herself.

Ms. Holland was homeless at the time she filed her discrimination claim. When she first filed in May of 1988, she gave OHR a friend's address as her mailing address. She gave OHR a new mailing address in July of 1988. She did not personally contact OHR again until July of 1991, after her unemployment claim was resolved. She was told at that time that her OHR complaint had been dismissed in February of 1989. She was also told to contact the EEOC to find out what had become of her EEOC complaint. *See* Declaration of Theresa Holland, Plaintiff's First Amended Opposition to Defendant's Motion to Dismiss or for Summary Judgment, 2. Ms. Holland claims that she did not contact OHR between July of 1988 and July of 1991 nor did she inform them of her changes of address because she had been told by Mr. Odis Quick, an employee of OHR, that she could not pursue her discrimination claim until she had resolved her claim for unemployment. However Ms. Holland came to believe this was the policy, she had erroneous information. OHR has never required that a complainant complete an unemployment dispute before proceeding with a discrimination complaint. Mr. Odis Quick no longer works at OHR, and no one has been able to get his sworn statement as to what he told Ms. Holland.

The EEOC sent Ms. Holland a notice of her right to sue on September 8, 1989. The notice was sent to the last address Ms. Holland provided to OHR. Ms. Holland never received the notice. The envelope was returned to the EEOC marked "unclaimed" by the Postal Service. After Ms. Holland contacted the EEOC in July of

1991, the EEOC reissued the notice of right to sue to Ms. Holland on September 13, 1991 accompanied by a letter from Kathleen P. Harmon, State and Local Coordinator. In her letter, Ms. Harmon states as follows:

> The Notice of Right to Sue gives you the right to proceed into U.S. District Court within 90 days of your receipt. If you fail to file suit within 90 days of your receipt of this notice, your rights under Title VII will be lost.

Ms. Holland received the notice on September 16, 1991. She filed this action on December 16, 1991, 90 days thereafter. The Court must now consider whether the claims under the District of Columbia Human Rights Act and the claims under Title VII are time barred.

■ A one-year statute of limitations applies to actions brought pursuant to the District of Columbia Human Rights Act, D.C.Code § 1–2544(a). Individuals filing complaints with OHR are required to keep OHR advised of their current addresses so that they may receive notice. Plaintiff asks this Court to recognize equitable tolling of that statute because Ms. Holland was homeless for several months after she originally filed her complaint and because Ms. Holland was acting in accordance with erroneous information given to her by Odis Quick when she failed to contact OHR for three years. The Court is not persuaded by this argument. Even while Ms. Holland was homeless, she managed to pursue her claim for unemployment benefits. She was clearly able to maintain contact with a government agency where necessary despite her homelessness. Furthermore, she did not contact OHR for many months even after she got a new address.

As for the advice from Mr. Quick, the plaintiff still does not have much of an argument. While an individual ordinarily should follow instructions given to her by an official from a government agency, the plaintiff should not leave common sense by the wayside because of a single statement made by a government employee.[1] Ms. Holland's unemployment case dragged on for three years. It should have occurred to her to verify with OHR that her discrimination complaint would not be jeopardized by the excessive time being taken by her unemployment claim. To file anything requiring action from a government agency and then ignore it completely for three years defies common sense no matter what one may have been told at the time of filing. Therefore, the Court will not toll the statute of limitations for the District of Columbia Human Rights Act claims. They will be dismissed.

■ The Title VII claims are another matter. Ms. Holland never went to the EEOC offices in person. Her complaint there was automatically filed by OHR, and she never received any of the subsequent notices telling her that she had to provide information about changes of address.[2] When she did finally contact the EEOC in July of 1991, her notice of right to sue was reissued and was accompanied by a letter which told her that she had ninety days from the date of receipt to file suit in federal court. The letter did not tell her that the ninety days ran from the date the notice of right to sue was originally issued or was returned unclaimed. It said that the ninety days ran from the date on which she received the letter. It was reasonable for Ms. Holland to rely on this letter. She did file her suit within 90 days of the date she received the notice of right to sue.

Ms. Holland's case is different from that of *Josiah–Faeduwor v. Communications Satellite Corp.*, 785 F.2d 344 (D.C.Cir.1986) which defendant cites in support of its argument. In *Josiah–Faeduwor*, the plaintiff filed her complaint directly with the EEOC, and she was represented by an attorney at the time of filing. She filed

---

**1.** The only evidence of the claim that plaintiff was given this information by Mr. Quick is plaintiff's own unverified hearsay statement. No statement was obtained or received from Mr. Quick. The Court does not believe that it can give much credence to this statement.

**2.** EEOC regulations require complainants to inform the agency of any change of address. *See* 29 C.F.R. § 1601.7(b).

using an EEOC claim form that instructed her to notify the agency of any change of address. She did not tell the EEOC about her address change so that when a notice of right to sue was issued, it did not reach the plaintiff initially. However, it did reach her attorney. Hence, the plaintiff had a form of actual notice from the date her attorney received the notice, and there was no reason to extend the ninety day period for filing a case in federal court. Ms. Holland is not asking for an extension of the ninety day filing period beyond the time measured from the date of her actual receipt of the notice of right to sue. She asks only that the Court do the same thing that was done in *Josiah–Faeduwor*, that is start the running of the ninety-day period on the date when the plaintiff had actual notice of her right to sue. Plaintiffs are entitled to reasonable treatment of this kind in Title VII suits. *Cf. Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 397, 102 S.Ct. 1127, 1134, 71 L.Ed.2d 234 (1982). (Requirement of filing complaint with EEOC subject to waiver and tolling so that laymen can make use of system). In her September, 1991 letter, Ms. Harmon never told the plaintiff that her claim had expired because she failed to notify the EEOC of any change of address. The motion to dismiss the Title VII claim will be denied.

In accordance with the foregoing opinion, it is this 14th day of August, 1992, hereby

ORDERED that defendant's motion to dismiss is granted in part and denied in part. Count I of plaintiff's first amended complaint making a claim under the Civil Rights Act of 1964 is timely filed and will not be dismissed. Counts II and III of plaintiff's first amended complaint making claims under the District of Columbia Human Rights Act were not timely filed and are dismissed; and it is

FURTHER ORDERED that the parties shall appear for a status call on Wednesday, August 19, 1992 at 10:00 a.m. in Courtroom No. 17 of the United States Courthouse.

