**Janice HOLMES, Plaintiff,**

v.

**WORLD WILDLIFE FUND, INC., Defendant.**

Civ. A. No. 95–01723.

United States District Court, District of Columbia.

Dec. 18, 1995.

James Lester Kestell, Falls Church, VA, for plaintiff.

Mary Carolyn Cox, Wilmer, Cutler & Pickering, Washington, DC, for defendant.

## OPINION

SPORKIN, District Judge.

This matter comes before the Court on defendant's motion to dismiss, or in the alternative for summary judgment. Plaintiff, Janice Holmes, alleges that her former employer, the World Wildlife Fund, Inc., ("WWF") engaged in discriminatory and retaliatory behavior, in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e *et seq.* Ms. Holmes' suit is based on two separate claims, each of which has been filed with the Equal Employment Opportunity Commission (EEOC).

Defendant alleges that plaintiff's first claim is time-barred because plaintiff failed to file within 90 days of receiving her right-to-sue notice, and that plaintiff's second claim is not yet ripe for adjudication. For the reasons outlined below, the Court will deny defendant's motion to dismiss with respect to the first claim, and will defer ruling on the motion with respect to plaintiff's second claim.

## BACKGROUND

Plaintiff, a black female, worked as a senior program secretary for WWF. She alleges that, although she performed her duties well, she was subjected to different terms and conditions of employment than her non-black counterparts. After filing an internal charge of race discrimination with her employer, Ms. Holmes was transferred to a temporary position and placed on thirty days probation. In 1992, plaintiff filed an EEOC complaint, charging racial discrimination and retaliation ("the 1992 claim").

Subsequently, Ms. Holmes received poor performance evaluations, which she alleges were unwarranted. Plaintiff also was denied a promotion, although all white secretaries in the office were promoted. In August, 1995, plaintiff filed a second EEOC charge of racial discrimination and retaliation ("the 1995 claim"). On November 2, 1995, plaintiff was terminated from her position. At a hearing on defendant's motion to dismiss, Ms. Holmes' counsel informed this Court that plaintiff intends to file a third complaint with the EEOC, alleging retaliatory termination.

The EEOC issued plaintiff's right-to-sue letter regarding plaintiff's 1992 claim on June 2, 1995. On June 6, 1995, the Postal Service placed in plaintiff's post office box a notice that a certified letter addressed to her had been received. One week later, on June 13, 1995, Ms. Holmes signed for and received the certified letter, which was the EEOC's notification of plaintiff's right to sue. On September 8, 1995—94 days after the right-to-sue letter had been delivered to plaintiff's post office box and 87 days after plaintiff actually received the letter—plaintiff filed this lawsuit. Defendant maintains that plaintiff's suit for the 1992 claim is time-barred because she did not file suit within 90 days of the date the EEOC caused the right-to-sue letter to be delivered to her post office box.

Plaintiff's 1995 EEOC claim is still pending at the EEOC. To date, no right-to-sue letter has been issued regarding plaintiff's 1995 claim. Defendant contends that plaintiff's

1995 claim is premature because the EEOC has not yet issued a right-to-sue letter regarding this claim. Defendant also asserts that the "reasonable relation" doctrine—which would allow judicial consideration of claims reasonably related to the EEOC charges—cannot render plaintiff's 1992 claim timely. Specifically, defendant argues that the 1995 claim, which arose after the 1992 claim was filed, could not possibly have been within the EEOC's investigation and thus is not reasonably related to the 1992 charge. *See Johnson v. General Electric,* 840 F.2d 132, 139 (1st Cir.1988); *Cheek v. Western and So. Life Ins. Co.,* 31 F.3d 497, 501 (7th Cir.1994).

## DISCUSSION

A private action brought to enforce a right arising under Title VII must be filed "within 90 days after the *giving* of [ ] notice" of a right to sue. 42 U.S.C. § 2000e–5(f)(1) (emphasis added). The D.C. Circuit (and numerous other jurisdictions) have rejected a rule requiring the 90 days to run only upon actual receipt of the right-to-sue notice, and have held that notice may be imputed to a Title VII claimant under appropriate circumstances. *Josiah–Faeduwor v. Communications Satellite Corp.,* 785 F.2d 344, 346–47 (D.C.Cir.1986) (delivery of notice to plaintiff's attorney imputed receipt to plaintiff where plaintiff failed to notify EEOC of her address change); *see, e.g., Million v. Frank,* 47 F.3d 385, 388 (10th Cir.1995) (filing period ran from date of receipt by plaintiff's wife); *Scholar v. Pacific Bell,* 963 F.2d 264, 266–68 (9th Cir.1992), *cert. denied,* 506 U.S. 868, 113 S.Ct. 196, 121 L.Ed.2d 139 (1992) (filing period ran from date right-to-sue letter was delivered to plaintiff's home).

The Court recognizes the law of this circuit and indeed agrees that there are sound policy reasons why actual receipt should not be required in all cases. However, the Court does not believe that the facts of this case warrant imputing notice to plaintiff. The right-to-sue letter the EEOC sent to plaintiff stated that "[t]he charging party may only pursue this matter further by filing suit against the respondent named in the charge in federal district court within 90 days of the charging party's *receipt* of this letter" (emphasis added). Plaintiff is a lay person, and is entitled to rely on what a government agency tells her. To a lay person, "receipt" means just that. There is no evidence that plaintiff knew of the legal connotation that courts have placed on the word, namely that "receipt" has been construed to mean "delivery" to the address which the party provided to the EEOC. Nor is there any evidence that plaintiff tried to extend her 90–day period for filing a complaint by intentionally delaying picking up the letter. It is clear that plaintiff did not actually receive the letter until June 13, 1995. She commenced this lawsuit 87 days later, well within the statutory period for instituting a lawsuit.

## CONCLUSION

Because the Court finds that plaintiff filed suit on her 1992 claim within 90 days of receipt of her right-to-sue letter from the EEOC, the Court will deny defendant's motion to dismiss with respect to the 1992 claim. As to plaintiff's 1995 claim and the third claim stemming from plaintiff's termination which plaintiff intends to file with the EEOC, the Court believes it is appropriate to stay the case for 30 days. This stay is granted in order for plaintiff to seek a right-to-sue notice from the EEOC on an expedited basis. Accordingly, the Court will defer ruling on defendant's motion to dismiss with respect to plaintiff's 1995 claim until after the period of the stay.