94 F.3d 646
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
J.C. WILSON, Plaintiff-Appellant,
v.
NATIONAL CAR RENTAL SYSTEM, INC., Defendant-Appellee.
 No. 94-3884, 94-4050.
 United States Court of Appeals, Sixth Circuit.
 Aug. 08, 1996.
 
 Before: CONTIE, BOGGS, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 J.C. Wilson appeals a district court grant of summary judgment for defendant in this employment discrimination action filed under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34, and a subsequent district court order denying various post-judgment motions. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Wilson filed his complaint pro se in the district court alleging that he was selected due to his age for termination from his employment with defendant during a reduction of work force. Thereafter, plaintiff obtained counsel to represent him in the district court. Defendant subsequently moved for summary judgment, and plaintiff responded in opposition. The district court granted the motion and entered summary judgment for defendant. Thereafter, plaintiff filed pro se numerous post-judgment motions seeking relief from the judgment and also filed a timely notice of appeal taken from the district court's judgment. The district court denied plaintiff's post-judgment motions without prejudice for lack of jurisdiction, and plaintiff filed pro se a timely notice of appeal taken from this order as well. Upon consideration, we affirm the district court's judgment and its order denying plaintiff's post-judgment motions.
 
 
 3
 First, we conclude that plaintiff's complaint is not barred under the applicable statute of limitations. Pursuant to 29 U.S.C. § 626(e), an age discrimination claim must be filed within 90 days of the receipt of an EEOC right-to-sue letter. Littell v. Aid Ass'n for Lutherans, 62 F.3d 257, 258-59 (8th Cir.1995); Vernon v. Cassadaga Valley Cent. Sch. Dist., 49 F.3d 886, 888-89 (2d Cir.1995). Here, the record reflects that a postal registered mail notice of the EEOC's right-to-sue was placed in plaintiff's post office box on December 16, 1992, which plaintiff signed for and received on December 21, 1992. Plaintiff filed his complaint in the district court on March 19, 1993, 93 days after notice of the letter was placed in plaintiff's post office box, but only 88 days after plaintiff signed for and actually received the right-to-sue letter. Under similar circumstances, courts have held that the 90-day limitations period begins when a plaintiff actually receives the EEOC's letter rather than when a postal registered mail notice is placed in plaintiff's post office box. See Sousa v. NLRB, 817 F.2d 10, 11 (2d Cir.1987) (per curiam); Holmes v. World Wildlife Fund, Inc., 908 F.Supp. 19, 21 (D.D.C.1995); O'Neal v. Marine Midland Bank, N.A., 848 F.Supp. 413, 417-21 (W.D.N.Y.1994), aff'd, 60 F.3d 812 (2d Cir.1995) (table). Therefore, plaintiff's complaint is not barred. Nonetheless, the district court's judgment will be affirmed on the basis of the court's alternate rationale.
 
 
 4
 Plaintiff did not establish a prima facie case of age discrimination. ADEA cases are to be decided using a nonmechanical application of the criteria enunciated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Wanger v. G.A. Gray Co., 872 F.2d 142, 144-45 (6th Cir.1989). Ordinarily, an ADEA plaintiff must establish a prima facie case of discrimination by showing that he or she: (1) was a member of the protected class; (2) was discharged; (3) was qualified for the position; and (4) was replaced by a younger person. Phelps v. Yale Sec., Inc., 986 F.2d 1020, 1023 (6th Cir.), cert. denied, 114 S.Ct. 175 (1993). In a case involving termination as part of a reduction of work force, an ADEA plaintiff must show "direct, circumstantial or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons" to establish a prima facie case. Allen v. Diebold, Inc., 33 F.3d 674, 677 (6th Cir.1994) (quoting Barnes v. GenCorp Inc., 896 F.2d 1457, 1465 (6th Cir.), cert. denied, 498 U.S. 878 (1990)). Essentially, plaintiff must offer evidence that the work force reduction is not the reason for the discharge. See Barnes, 896 F.2d at 1465. Here, the district court correctly concluded that plaintiff did not establish a prima facie case of age discrimination for the reasons stated in its opinion and order filed July 14, 1994.
 
 
 5
 Finally, the district court correctly concluded that it lacked jurisdiction to address the merits of plaintiff's post-judgment motions. Plaintiff's motions were properly treated as Rule 60(b) motions because they were not served within 10 days of entry of judgment and plaintiff generally sought relief from the judgment. See Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 750 (7th Cir.1995). Generally, this court reviews the denial of a Fed.R.Civ.P. 60(b) motion only for an abuse of discretion. Williams v. Browman, 981 F.2d 901, 903 (6th Cir.1992) (per curiam); McDowell v. Dynamics Corp., 931 F.2d 380, 383 (6th Cir.1991). However, a district court does not have jurisdiction to rule on a Fed.R.Civ.P. 60(b) motion after a timely notice of appeal is filed. Pittock v. Otis Elevator Co., 8 F.3d 325, 327 (6th Cir.1993). Under these circumstances, the district court did not abuse its discretion in denying plaintiff's motions without prejudice for lack of jurisdiction.
 
 
 6
 For the foregoing reasons, the district court's grant of summary judgment for defendant and its order denying without prejudice plaintiff's post-judgment motions are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.