94 F.3d 646
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip WILLIFORD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3785.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1996.
 
 Before: CONTIE, BOGGS, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Phillip Williford, a federal prisoner represented by counsel, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1983, Williford was sentenced to a five-year prison term for wire fraud and making false or fraudulent statements to a lending institution. He was first paroled from this sentence on May 2, 1988, but parole was revoked on March 6, 1989. Williford was reparoled on August 30, 1991.
 
 
 3
 On February 6, 1994, Williford was arrested in Forsyth County, North Carolina and charged with forgery and uttering a forged instrument. When the United States Parole Commission learned of this possible violation of parole and the filing in criminal charges against Williford in Ohio related to automobile theft, it issued a warrant for Williford's arrest on May 6, 1994, which was filed as a detainer with state officials. On October 26, 1994, the Parole Commission was advised that Williford had been arrested on the parole violator warrant on August 18, 1994. On December 6, 1994, the Parole Commission was informed by the U.S. Marshals Service in Cleveland, Ohio that Williford was in custody in the Lake County Jail as of December 2, 1994.
 
 
 4
 Assistant Federal Public Defender Charles Fleming was appointed to represent Williford and, on January 19, 1995, the Parole Commission informed counsel that probable cause had been found for the alleged parole violations and that Williford would be rescheduled for a local revocation hearing on February 7, 1995. On January 30, 1995, Williford's counsel requested a postponement of the proceeding because he did not receive copies of the documents to be discussed at the hearing until January 23, 1995. The Parole Commission granted the continuance to March 15, 1995.
 
 
 5
 Williford was given a revocation hearing on March 15, 1995. He was represented by Assistant Federal Public Defender Fleming at the prosecution. At the hearing, Williford presented defenses to some, but not all, of the charges of violation of parole which had been made against him. He did so through his own testimony and presentation of affidavits relating to the criminal charges in North Carolina which had been dismissed.
 
 
 6
 The examiner recommended that findings of violation should be made on the criminal offenses in Ohio and a charge of leaving the district of supervision without permission. He recommended that no finding of violation be made on the North Carolina allegations. The Regional Commissioner concurred in these recommendations. The notice of action informed Williford that he had the opportunity to appeal these decisions to the National Appeals Board under 28 C.F.R. § 2.26.
 
 
 7
 Thereafter, Williford filed a habeas petition pursuant to § 2241 contending that his due process rights were denied because he did not receive a timely revocation hearing. The matter was referred to a magistrate judge who issued a report recommending that the petition be denied as meritless. Despite Williford's objections, the district court adopted the magistrate judge's report and recommendation and entered judgment denying the petition for habeas relief.
 
 
 8
 In his appeal, Williford argues that his parole revocation hearing was untimely and that he should have been provided a hearing on his habeas petition.
 
 
 9
 This court reviews the denial of a § 2241 petition de novo. See Bode v. Guzik, 86 F.3d 1155, 1996 WL 266431 (6th Cir.1996) (unpublished order) (citing Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990)). We cannot reach the merits of Williford's assignments of error, however, because he did not exhaust his administrative remedies by taking an appeal to the National Appeals Board. 28 C.F.R. § 2.26(c); Little v. Hopkins, 638 F.3d 953, 953-54 (6th Cir.1981) (per curiam); Smith v. Thompson, 937 F.3d 217, 219 (5th Cir.1991). We therefore lack the jurisdiction to review Williford's habeas petition. Section 10(c) of the Administrative Procedure Act; 5 U.S.C. § 704.
 
 
 10
 For this reason we order Williford's habeas petition dismissed.