NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4411
_____

CARMELITA VAZQUEZ,
                                        Appellant,
v.

CAESAR'S PARADISE STREAM RESORT

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-09-cv-00625)
District Judge:  Hon. A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
April 22, 2013

Before:  JORDAN, ALDISERT and NYGAARD, *Circuit Judges*.

(Filed: April 30, 2013)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

        Carmelita Vazquez appeals the judgment of the United States District Court for

the Middle District of Pennsylvania that her complaint against her employer for

employment discrimination was untimely.  For the reasons that follow, we will vacate the

District Court's judgment and remand for further proceedings.

## I.      Background

Vazquez was fired by her employer, Starwood Hotels and Resorts Worldwide ("Starwood"), on the grounds that her "twists" hairstyle violated the company's appearance policy. Believing that the policy discriminates on the basis of race, she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On January 6, 2009, she retrieved from her P.O. box an EEOC "right-to-sue" letter, notifying her that she could file a discrimination lawsuit against Starwood "WITHIN 90 DAYS from [her] receipt of this Notice." (App. at 5.) Counting from January 6, she filed a pro se complaint in the District Court on April 6, 2009, exactly ninety days after she retrieved the right-to-sue letter.

The case proceeded to a bench trial and, at the end of Vazquez's case-in-chief and again at the close of evidence, Starwood moved for judgment on partial findings pursuant to Rule 52(c) of the Federal Rules of Civil Procedure, asserting that Vazquez had failed to file her complaint within ninety days of receiving the right-to-sue letter. In support of its motion, Starwood argued that the receipt of the letter should be presumed to have occurred three days after the letter was placed in the mail (a presumption provided for by Rule 6(d) of the Federal Rules of Civil Procedure and endorsed by this Court in *Seitzinger v. Reading Hospital and Medical Center*, 165 F.3d 236, 239 (3d Cir. 1999)), as opposed to the date on which Vazquez retrieved it. Based on that calculation, Starwood insisted that the right-to-sue letter, which was dated and postmarked December 23, 2008, was constructively received on December 26, 2008, meaning that Vazquez's complaint was filed several days after the ninety-day deadline had passed.

2

To rebut that presumption, Vazquez testified that the right-to-sue letter had not been delivered as of December 31, 2008, when she last checked her P.O. box before leaving Pennsylvania for New York to spend time with family. She further testified that while she was in New York, her sister and husband periodically checked the P.O. box (though she could not specify when or how frequently), but they did not see the letter. When she returned from New York on January 6, 2009, she checked the P.O. box, and it contained the right-to-sue letter. Vazquez also argued that the letter may initially have been placed in the wrong box, explaining why it had not arrived by December 31, 2008, and she supported that possibility by introducing into evidence copies of letters addressed to other persons that had been mistakenly placed in her box.

The District Court accepted Vazquez's testimony, stating, "I accept what you say, it [the right-to-sue letter] wasn't there on the 31st [of December]." (App. at 115). "But," the Court continued, "I don't know that it wasn't there on the 3rd, 4th or 5th [of January], and if it was you're out of time." (*Id.*) Significantly, the Court held that the burden was on Vazquez, not Starwood, to show that the right-to-sue letter had not been delivered to her P.O. box during the time she was in New York. The Court said, "it's your burden to show, it's not their burden. They … weren't even involved in the EEOC thing." (*Id.*) "[I]t's not up to the defense to show that [the right-to-sue letter] was [placed in the P.O. box between December 31, 2008, and January 5, 2009]," the Court continued, "it's up to you to show that it was not. Because there is a presumption of three days mail." (App. at 117.)

3

Based on that reasoning, the District Court granted Starwood's Rule 52(c) motion for judgment on partial findings. Vazquez then filed this timely appeal.

## II.    Discussion[1]

If the EEOC takes no action on a charge of employment discrimination within a specified period of time, the agency "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought… ." 42 U.S.C. § 2000e-5(f)(1). "[T]he time for the filing of a complaint begins to run when the plaintiff has notice of the EEOC's decision … ." *Seitzinger*, 165 F.3d at 239. Although notice "usually occurs on the date [the plaintiff] receives a right-to-sue letter from the agency," we have held that, "in the absence of other evidence, courts will presume that a plaintiff received her right-to-sue letter three days after the EEOC mailed it." *Id.*

The three-day presumption is rebuttable, however. Under Rule 301 of the Federal Rules of Evidence, a presumption in a civil case imposes on "the party against whom [it] is directed … the burden of producing evidence to rebut the presumption," but it "does not shift the burden of persuasion, which remains on the party who had it originally." Fed. R. Evid. 301. By introducing evidence to rebut a presumption, the introducing party "destroys that presumption, leaving only that evidence and its inferences to be judged

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. A district court sitting without a jury may enter judgment as a matter of law against a party on any claim once the party has had the opportunity to present evidence on that claim. Fed. R. Civ. P. 52(c). "A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a)." *Id.* On appeal, we review a district court's findings of fact for clear error, Fed. R. Civ. P. 52(a)(6), and its conclusions of law *de novo*, *Rego v. ARC Water Treatment Co. of Pa.*, 181 F.3d 396, 400 (3d Cir. 1999).

against the competing evidence and its inferences to determine the ultimate question at issue." *Cappuccio v. Prime Capital Funding LLC*, 649 F.3d 180, 189 (3d Cir. 2011) (internal quotation marks omitted). The amount of evidence needed to rebut the presumption, moreover, is "minimal," because "the presumption's only effect is to require the party contesting it to produce enough evidence substantiating the presumed fact's absence to withstand a motion for summary judgment or judgment as a matter of law on the issue." *Id.* (alterations and internal quotation marks omitted). For example, "a single, non-conclusory affidavit or witness's testimony, when based on personal knowledge and directed at a material issue, is sufficient to defeat summary judgment or judgment as a matter of law," *id.* "even if the affidavit is 'self-serving' in the sense of supporting the affiant's own legal claim or interests," *id.* at 189-90.

In holding that Vazquez bore the burden of proving that the right-to-sue letter had not been delivered to her P.O. box before January 6, 2009, even while accepting as true her testimony that the letter had not arrived by December 31, 2008, the District Court erred. Starwood raised the affirmative defense of untimeliness, and it accordingly bore the burden of proving every element of that defense, including the date that the limitations period commenced. *See Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 (3d Cir. 2003) (noting that when an employer "asserts an affirmative defense … then the burden of proof for that defense rests solely on the employer"). Starwood attempted to establish a commencement date by arguing that the three-day mailing presumption applied. But, given Vazquez's testimony, which was based on personal knowledge and was accepted by the District Court, the presumption has been erased, and Starwood,

5

which retains the burden of showing that Vazquez received the right-to-sue letter before January 6, 2009, is left without the presumption's benefit.

Nothing in the record establishes that Starwood has met its burden of proof.[2] The only bits of evidence regarding the date of receipt are the date and postmark of the letter; the finding that the letter was not in the P.O. box on December 31, 2008; Vazquez's testimony that her sister and husband periodically checked the P.O. box while she was away and did not see the letter; Vazquez's testimony that she retrieved the letter when she checked her P.O. box on January 6, 2009; and Vazquez's suggestion that other people's mail is sometimes mistakenly delivered to her box. Thus, on this record Starwood has not established by a preponderance of the evidence that the letter was delivered before January 6, 2009.

---

[2] In so holding, we recognize that "there may be a case in which a plaintiff knows or has reason to suspect that a certified letter being held for pick-up is in fact a right-to-sue letter from the EEOC but delays obtaining it in order to manipulate the limitation period." *Jackson v. Cont'l Cargo-Denver*, 183 F.3d 1186, 1190 n.1 (10th Cir. 1999); *see also Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir. 1999) (noting that the "actual notice rule does not apply to plaintiffs who fail to receive actual notice through their own fault"). But, as in *Jackson*, "that is not the case here," *Jackson*, 183 F.3d at 1190 n.1, given that Vazquez checked her P.O. box just before leaving on, and right after returning from, a short vacation. Moreover, the right-to-sue letter here was not delivered via certified mail, and accordingly there would not have been any notice that the 90-day period had commenced other than the letter itself. "We therefore need not decide whether in those circumstances a court could properly decide that the limitation period begins at a point prior to physical receipt of the right-to-sue letter." *Id.*; *see also Holmes v. World Wildlife Fund, Inc.*, 908 F. Supp. 19, 21 (D.D.C. 1995) (holding that the ninety-day period began on date plaintiff actually retrieved right-to-sue letter where there was no "evidence that plaintiff tried to extend her 90-day period for filing a complaint by intentionally delaying picking up the letter").

**III.    Conclusion**

For the foregoing reasons, we will vacate the judgment of the District Court and remand for proceedings consistent with this opinion.